### PIERSON v. HUGHES et al.

#### (Supreme Court, Appellate Term. June 23, 1904.)

1. New Trial—Newly Discovered Evidence.

In an action for rent of a dock after it had been abandoned by the tenants, in which there was a defense that, during the period for which the rent was sought to be recovered, plaintiff had leased a portion of the dock to the city, and such defense was fully considered, it was not error to refuse defendants' motion for a new trial on the ground of newly discovered evidence, consisting of correspondence by plaintiff granting to the city a permission to place a floating bath at the end of the pier, and not showing a lease of the pier, notwithstanding the plaintiff used the word "lease" in such letters.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by J. Fred Pierson against James Hughes and another. From an order denying a motion for a new trial on the ground of newly discovered evidence, defendants appeal. Affirmed.

This was an action against defendants for rent of a dock for a period after which they had abandoned the premises, and a defense interposed was that during such period plaintiff has leased a portion of the property to the city.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Robinson, Biddle & Ward, for appellants.

Edward Swann, for respondent.

SCOTT, J. The motion was rightly denied. The fact that plaintiff permitted the city of New York to place a floating bathhouse at the end of the pier was fully gone into upon the trial. The correspondence granting that permission adds nothing to the case. It is misleading to refer to that correspondent as a lease to the city of any part of the premises previously leased to the city. It is true that the plaintiff, in his letter, uses the word "lease," but that of itself is not sufficient to show that he intended to lease the premises for which rent is claimed. What he offered to the city was the end of the pier as the location for a floating bath. If the bath was to float, it must be at the end of the pier, in the water, not on the pier, and defendants' lease was only of the pier to the end thereof. What was really given to and accepted by the city was correctly described in the letter of the superintendent of baths as "a berth for a public bath at the end of the pier at 39th St." The sole effect of the agreement was to permit the city to moor a bath at the end of the pier, and to have access to it from and over the pier. That the bath was so lo-

cated by plaintiff's consent was fully developed on the trial, and the letters themselves would have added nothing to what was shown by the evidence.

Order affirmed, with costs. All concur.